No. 630

JOSEPHSON v. STATE

No. 19850. Supreme Court

Motion for Leave to File. Dock. May 28, 1926.

**454. EMBEZZLEMENT—Where an indictment charges the embezzlement of a lump sum of $105,000 when in fact the State will contend that the amount embezzled includes about 100 withdrawals, is it error to deny a bill of particulars setting forth withdrawals separately and to overrule the motion to quash the indictment?**

The State brought this action originally in the Franklin Common Pleas against L. W. Josephson on an indictment for the embezzlement of $105,000 from the Ohio Indiana Endowment Found Company. The indictment charged the embezzlement of the sum of $105,000. There were many items and separate withdrawals which constituted this sum and in fact the State knew that such would be its contention. The trial court overruled a motion of Josephson for a bill of particulars and also overruled a motion to quash the indictment.

The judgment of the Common Pleas on the verdict for conviction was affirmed by the Appeals.

Josephson in the Supreme Court contends:

1. That the court erred in overruling the motion for a bill of particulars on the ground that he was deprived of his right to the constitutional guarantee to be apprised of the nature and cause of the accusation.

2. Hhat the court erred in overruling the motion to quash the indictment on the ground that such a motion attacks the form of indictment in that sufficient facts were not set out to inform him of the nature of the accusation.

3. That the court erred in permitting the State to introduce evidence of the conversion of certain bond, on the ground that the indictment charged the embezzlement of money.

4. That the prosecutor committed misconduct prejudicial to Josephson.

5. That the verdict was not sustained by the evidence.

Attorneys—W. S. Pealer, R. Walton and W. E. King, Columbus, for Pltf.; J. R. King and C. C. Crabbe, Columbus, for Deft.

---

No. 631

KELLOG v. SEASONGOOD et

No. 19859. Supreme Court

On motion to certify. Dock. June 2, 1926.

**797. MUNICIPAL CORPORATION—May a road contractor obtain an injunction against a city council from revoking and breaching a contract for the repair of a road after the same has been let?**

Edwin E. Kellog, a tax payer brought this action originally in the Hamilton Common Pleas against one Seasongood and the city counsel of Cincinnati seeking an injunction against the city counsel from revoking and breaching a contract let for the improvement of a street.

It appears that the electors of Cincinnati upon a referendum voted to issue bonds in the sum of $413,000, the proceeds of which was to be used in paying for the improvement and widening of a certain street in Cincinnati. The contract was thereupon let to one Bolan, said contract providing that the street was to be widened to 63 feet. All the bonds were sold and the contract price was $320,000. The contractor began work and had graded said street at a cost of $46,000 when the city manager served notice on Bolan to cease activity. The city manager disapproved the approvement and consequently the city counsel by resolution changed the grade from 63 feet to 65 feet and thereupon the contractor was directed to proceed with the improvement in accordance therewith.

Bolan refused to continue the work and shortly thereafter the Hamilton Common Pleas enjoined the city manager from changing the contract whereby the grading would be eliminated. The city counsel upon being informed of the injunction indicated that the contract would be breached.

The Common Pleas Court refused to grant the injunction sought by Kellog and the Appeals dismissed the action by sustaining a demurrer to the petition.

Kellog in the Supreme Court contends:

1. That as a matter of law the contract must be adhered to because the people had so voted.

2. That the money expended will be wasted.

3. That the contractor will be entitled to damages for the breach.

4. That by reason of property owners having raised buildings to conform to a 63 foot grade that they will be subjected to damage if said grade is not established.

Attorneys—H. R. Weber, Cincinnati, for Pltf.; J. D. Ellis, E. F. Alexander and B. H. Long, Cincinnati, for Defts.